An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAMON A. MORGA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62148

**FILED**

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

In his January 24, 2012, petition, appellant claimed he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-27778

supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that his counsel did not conduct any investigation before the guilty plea. Appellant failed to demonstrate deficiency or prejudice as he made only a bare claim that counsel did not investigate and failed to provide any information that would have altered his decision to enter a guilty plea that counsel would have uncovered through reasonably diligent investigation. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Second, appellant claimed his counsel was ineffective for advising him to plead guilty to a dismissed charge of felon in possession of a firearm. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, counsel explained that the firearm charge was initially dismissed without prejudice, but that the State properly recharged appellant with that crime. Appellant failed to demonstrate a reasonable probability that he would have refused to plead guilty and would have insisted on going to trial had counsel raised further challenges to the felon-in-possession-of-a-firearm charge as appellant admitted to the police that he owned the firearm. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that counsel misinformed him regarding the sentence he would receive. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant was informed in the guilty plea agreement of the possible sentences and acknowledged at the plea canvass that he had not been

promised a particular sentence. Appellant failed to demonstrate a reasonable probability that he would have refused to plead guilty and would have insisted on going to trial had counsel had further discussions with appellant regarding the possible sentences. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel improperly informed him he could not be prosecuted in federal court for the firearm-possession charge if he pleaded guilty in state court. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant was informed in the guilty plea agreement that the State had agreed not to refer appellant for federal prosecution for the firearm-possession charge. Appellant did not allege that he has been prosecuted federally, but merely that he was concerned that the possibility exists despite his guilty plea. Given appellant's mere speculation that he may be charged and the lack of evidence that the State violated its agreement with appellant or that counsel misinformed appellant, he failed to demonstrate a reasonable probability that he would have refused to plead guilty and would have insisted on going to trial had counsel discussed with appellant the possibility of federal prosecution in more detail. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel did not inform him of the grand jury proceedings. Appellant failed to demonstrate that he was prejudiced. Given appellant's statement to the police admitting guilt and his guilty plea to the charges, he failed to demonstrate a reasonable probability of a different outcome had counsel discussed the notice of the grand jury proceedings with appellant. *See United States v. Mechanik,*

475 U.S. 66, 70 (1986); *Lisle v. State*, 113 Nev. 540, 551-52, 937 P.2d 473, 480 (1998). Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that counsel failed to prepare for the sentencing hearing, did not present mitigation evidence at the sentencing hearing, and did not review the presentence investigation report with him. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. At the sentencing hearing, counsel presented to the court a letter from appellant's sister, argued that the presentence investigation report did not convey an accurate picture of appellant and informed the court at length what he believed the report did not contain, and argued for a lenient sentence. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant failed to demonstrate a reasonable probability of a different outcome at the hearing had counsel prepared further for the sentencing hearing. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that counsel failed to object to inaccurate gang affiliation information contained in the presentence investigation report. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant made a bare claim that the report contained inaccurate gang information and did not explain specifically what information was inaccurate. Bare claims are insufficient to demonstrate a petitioner is entitled to relief. *Id.* The district court made no reference at the sentencing hearing to appellant's alleged involvement in gang activities, and therefore, appellant failed to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel raised further arguments regarding

 

inaccuracies in the presentence investigation report. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his counsel was ineffective for failing to file a notice of appeal. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that, while he did not specifically remember discussing an appeal with appellant, it is his practice to discuss an appeal with his clients. Counsel testified that he did not recall appellant requesting him to appeal the conviction. The district court concluded that appellant had not been improperly deprived of a direct appeal and substantial evidence supports that decision. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that the errors of counsel cumulatively amount to ineffective assistance of counsel. Appellant failed to demonstrate deficiency or prejudice for any of his claims and he fails to demonstrate that any errors of counsel cumulatively amount to ineffective assistance of counsel.

Having considered appellant's contentions and concluded they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                              Saitta

cc: Hon. Valerie Adair, District Judge
Ramon A. Morga
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk